## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

**UNITED STATES OF AMERICA**

**v.**                              **Case No. 4:13-cr-00001 KGB**

**JAMELLE ALEXANDER ARNOLD**

## ORDER

On July 1, 2014, the Court held a resentencing hearing pursuant to the Judgment and Mandate issued by the Eighth Circuit Court of Appeals in this matter (Dkt. Nos. 56, 57).

In the Amendment to Judgment and Commitment, the Court sentenced defendant Jamelle Alexander Arnold to 89 months imprisonment to run concurrently with any sentence he received in the related state case, 63-CR-12-458 in Saline County, Arkansas, which is referred to in paragraph 71 of the Presentence Investigation Report (Dkt. No. 43).   That sentence was amended from the Court's original Judgment and Commitment sentencing Mr. Arnold to 96 months (Dkt. No. 41).   The Court amended the sentence to reflect explicitly the Court's intention that Mr. Arnold receive credit for the term of approximately seven months, from August 18, 2012, to March 13, 2013, he was in state custody.   When the Court sentenced Mr. Arnold initially and when it entered the Amendment to Judgment and Commitment, the record before the Court—including the Presentence Investigation Report to which no party objected at the sentencing hearing—indicated that Mr. Arnold had spent seven months in state custody on related charges.   Specifically, on page one of the Presentence Investigation Report, in regard to Release Status, it states:   "The defendant was arrested by state authorities on related charges on August 18, 2012, and was transferred to federal custody on March 13, 2013, and remains detained."

At the resentencing hearing, Mr. Arnold made various arguments that his sentence should be reduced further to account for the entire 14 months the parties claim he spent in state custody

after his arrest but prior to his sentencing in federal court.   For the reasons that follow, the Court declines to amend further Mr. Arnold's sentence.

First, the Court sentenced Mr. Arnold based on the record before it at the time.   The Presentence Investigation Report confirmed that Mr. Arnold was in state custody on related charges from August 18, 2012, to March 13, 2013, when he was transferred to federal custody and that he remained detained.   The Presentence Investigation Report provided no other information. No party put before the Court at sentencing any other evidence or information to contradict the statement in the Presentence Investigation Report.

Next, even after the hearing on the motion for resentencing, the record before this Court is unclear as to the amount of time Mr. Arnold served in state custody on related and unrelated charges.   Mr. Arnold was arrested by state authorities on related charges on August 18, 2012, and spent seven months in state custody on these charges according to the Presentence Investigation Report.   At some point while he was detained for the related charges, Mr. Arnold was either arrested for or charged with a probation revocation for criminal mischief in Pulaski County, Arkansas, state court.   The Court makes this determination based on the arguments and representations of both counsel for Mr. Arnold and the government at the resentencing hearing.

The Court also reviewed the appellate filings in this matter; those filings include qualifiers such as "about" and "approximately" when referring to Mr. Arnold's time in state custody on related charges.   On the record before it, this Court is not willing to credit the contention that Saline County, Arkansas, held Mr. Arnold for 14 months solely for the related state attempted murder charge and not for the unrelated probation revocation.

Moreover, counsel cited no specific case law or provision of the Federal Sentencing Guidelines which bear on this issue.   Mr. Arnold relied on United States Sentencing Guideline §

5G1.3 to argue that he should be given credit in federal prison for the 14 months he spent in state custody.   Mr. Arnold also cited *Setser v. United States*, 132 S.Ct. 1463 (2012), in support of his argument.   For several reasons, these authorities do not apply to and do not control the outcome of this resentencing issue.

Guideline § 5G1.3(a) does not apply and does not aid Mr. Arnold in his argument before this Court.

Guideline § 5G1.3(b)(1) and (2)—the subsections that recommend sentences be imposed to run concurrently—only apply to charges that are "relevant conduct," as defined by Guideline § 1B1.3, to the crime being punished by the federal sentence and resulted in an increase in the offense level for the instant offense.   While the related state attempted murder charge is "relevant conduct" and did result in an increase in the federal offense level for the instant offense, the unrelated probation revocation did not.   Thus, while the Court found Guideline § 5G1.3(b) to be instructive with regard to the attempted murder charge in its Amendment to Judgment and Commitment, it is not instructive with regard to the unrelated probation revocation.

Further, the language of Guideline § 5G1.3(b)(1) and (2) discusses a term of imprisonment for relevant conduct which has already been imposed.   Here, Mr. Arnold had not yet been convicted or sentenced in the related state attempted murder case.   Those charges were still pending but not resolved at the time of his federal sentencing.   Despite that, the Court looked to Guideline § 5G1.3(b) for guidance.   Based on the information in the Presentence Investigation Report before the Court at sentencing, the Court credited Mr. Arnold for the seven months spent in state custody on the related charge.   The Court also drew guidance from *Setser* which stands for the proposition that federal judges have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences received by the defendant,

3

including state proceedings.   This Court ordered that the 89-month federal sentence run concurrently with any sentence Mr. Arnold received in the related state case, 63-CR-12-458 in Saline County, Arkansas, which is referred to in paragraph 71 of the Presentence Investigation Report (Dkt. No. 43).

Guideline § 5G1.3(c) states that, in any other case involving an undischarged term of imprisonment, the Court should exercise its discretion to impose the sentence for the instant offense concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.   This provision, if any, is instructive with regard to the unrelated probation revocation.

The Court concludes that, even if the information presented to the Court at the resentencing hearing had been presented to the Court at the time of Mr. Arnold's initial sentencing, the Court would have exercised its discretion to impose the sentence it did in the Amendment to Judgment and Commitment.   It would not have varied from the sentence that was imposed.

For all of these reasons, the Court declines to exercise its discretion to give Mr. Arnold credit for any time served over the seven months reflected in the Amendment to Judgment and Commitment.   The Court will not amend further Mr. Arnold's sentence.

SO ORDERED this 9th day of July, 2014.

_____
United States District Judge